IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTRELL VINES,<br><br>    Petitioner,<br><br>  vs.<br><br>A. P. KANE, Warden,<br><br>    Respondent. | No. C 05-5316 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California who is incarcerated at the Correctional Training Facility, in Soledad, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of attempted murder, assault and sentencing enhancements in San Francisco County Superior Court. On July 13, 2005, Petitioner was sentenced to 47 years-to-life in prison. Petitioner appealed his conviction to the California Court of Appeal, which affirmed the conviction, and to the Supreme Court of California, which denied Petitioner's petition for review in 2003. Petitioner's state habeas petition filed in the California Supreme Court was denied on June 8, 2005. Petitioner filed the instant petition on December 22, 2005.

**DISCUSSION**

I. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

II. <u>Legal Claims</u>

The petition raises the following grounds for relief: (1) the conviction under Penal Code 245(b) violates Petitioner's right to due process because it is not a lesser included offense of attempted murder; (2) admission of certain police testimony violated Petitioner's due process rights; (3) trial counsel's actions violated Petitioner's right to effective assistance of counsel; (4) the use of CALJIC 17.41.1 violated Petitioner's right to a fair trial and due process; (5) prosecutorial misconduct; (6) the trial court failed to inquire into a note from the jury and potential misconduct; (7) insufficient evidence;[1] and (8) Petitioner's sentence was grossly disproportionate.  As it does not appear from the face of the petition that Petitioner is not entitled to relief, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on A. P. Kane, Respondent, Warden of the Correctional Training Facility and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of

---

[1] The claim numbered seven in the petition is made a part of claim three here.

2

the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

    4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

    5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

    IT IS SO ORDERED.

DATED: May 15, 2006

                                      JEFFREY S. WHITE  
                                      United States District Judge